UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RHONDA SUE HOFFMAN,

    Plaintiff,

v.                                    Case No.:   2:18-cv-680-FtM-38MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Pending before the Undersigned is Plaintiff Rhonda Hoffman's Complaint seeking judicial review of the Commissioner of Social Security Administration's final decision denying Plaintiff's claim for a period of disability and disability insurance benefits. (Doc. 1). The Commissioner filed a Transcript of the proceedings (hereinafter "Tr. at" followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. For the reasons set forth herein, the Undersigned respectfully recommends that the decision of the Commissioner be **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## ELIGIBILITY

    The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.

## PROCEDURAL HISTORY

Plaintiff filed for a period of disability and disability insurance benefits as well as supplemental security income on January 30, 2014.  (Tr. at 166).  She alleged a disability onset date of January 1, 2013.  (*Id*.).  The Commissioner initially denied her application on March 4, 2014, and upon reconsideration on June 6, 2014.  (*Id.* at 112, 115, 118, 125).  Administrative Law Judge ("ALJ") Rossana L. D'Alessio held an administrative hearing on January 23, 2017.  (*Id*. at 44).  On September 21, 2017, the ALJ found Plaintiff not disabled within the meaning of the Social Security Act.  (*Id*. at 25, 38).  The Appeals Council denied Plaintiff's request for review on August 18, 2018.  (*Id*. at 1).  On October 12, 2018, Plaintiff filed her Complaint with the Court.  (Doc. 1).  Thus, the case is ripe for review.

## SUMMARY OF ALJ DECISION

An ALJ must follow a five-step sequential evaluation process to determine whether a claimant has proven she is disabled.  *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013).[1]  An ALJ must determine whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort in the national economy.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).  The claimant has the burden of proof

---

[1] Unpublished opinions may be cited as persuasive on a particular point.  The Undersigned does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found, at step one, that Plaintiff did not engage in substantial gainful activity since the alleged disability onset date. (Tr. at 31). At step two, the ALJ found that Plaintiff suffers from seizures and memory loss, both severe impairments. (*Id*.). The ALJ found that Plaintiff does not have an impairment or combination of impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (*Id*.).

In the residual functional capacity ("RFC") assessment, the ALJ found:

> [Plaintiff] has [the] residual functional capacity to "perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. She needs to avoid exposure to heights, moving machinery and hazards. [She] is limited to simple, routine tasks.

(Tr. at 31). At step four, the ALJ found Plaintiff unable to perform any past relevant work. (*Id.* at 36-37).

At step five, the ALJ found Plaintiff could perform various jobs existing in significant numbers within the national economy, including: (1) Packager, Hand, DOT #920.587-018, Specific Vocational Preparation ("SVP") level of 2, which is medium in exertion and includes 705,660 jobs in the national economy; (2) Box Bender, DOT #641.687-010, SVP 1, which is medium in exertion and includes 251,670 jobs in the national economy; (3) Classifier, DOT #361.687-014, SVP 2, which is light in exertion and includes 518,950 jobs in the national economy; (4) Marker, DOT #209.587-034, SVP 2, which is light in exertion and includes 2,016,340 jobs in the national economy; (5) Atomized Assembler, DOT #706.684-030, SVP 2, which is sedentary in exertion and includes 251,670 jobs in the national economy; and (6)

Addresser, DOT #209.587-010, SVP 2, which is sedentary in exertion and includes 67,230 jobs in the national economy. (Tr. at 37-38). Given these occupations, the ALJ did not find Plaintiff disabled within the meaning of the Social Security Act. (*Id.* at 38).

## STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, considering evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## ANALYSIS

On appeal, Plaintiff raises three issues. In her own words, they are:

> (1) The ALJ failed to provide the Plaintiff with a full and fair hearing and violated the Plaintiff's right to due process by

4

>>failing to grant the Plaintiff a supplemental hearing to cross-examine Dr. Zaky who provided an adverse post-hearing report;
>
>(2) The ALJ failed to properly develop the record and violated the Plaintiff's due process right to cross-examine the vocational expert; and
>
>(3) The ALJ failed to properly consider and weigh the opinion of consultative examiner, Dr. Kibria.

(Doc. 20 at 8, 15, 21). The Undersigned addresses each issue in turn.

### A.    Cross Examination of Dr. Zaky

Plaintiff first argues the ALJ failed to grant Plaintiff a supplemental hearing at which Plaintiff could cross-examine Dr. Zaky who provided an adverse post-hearing report. In her decision, the ALJ states Plaintiff did not request a supplemental hearing. (Tr. at 28). Plaintiff disagrees and instead argues that she, through her husband, asked the ALJ to call "Dr. Zaky to testify if the ALJ feels more evidence to reach a favorable decision is needed." (Doc. 20 at 10). Because the ALJ "substantially relied on Dr. Zaky's post-hearing report," Plaintiff argues, "the ALJ should have granted the request as the Plaintiff has the due process right to cross-examine a post-hearing physician upon whose report the ALJ substantially relied on in reaching her decision." (*Id.*).

In completing the five-step sequential process, the ALJ has a duty to develop a full and fair record, whether the claimant is represented by counsel or not. *Mosley v. Acting Comm'r of Soc. Sec. Admin.*, 633 F. App'x 739, 741 (11th Cir. 2015). If a claimant is unrepresented, the ALJ has a special duty to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 2015). All the same, the claimant bears the burden of proving that she is disabled and is thus responsible for producing evidence to support her claim. *Id.* Moreover, remand is required only when:

5

> [T]he record reveals evidentiary gaps which result in unfairness or clear prejudice. *Brown*, 44 F.3d at 934-35. In other words, "there must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [ALJ] for further development of the record." *Id*. Prejudice requires a showing that "the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision." *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985).

*Mosley*, 633 F. App'x at 742. The Undersigned now analyzes Plaintiff's arguments.

Plaintiff argues that the Hearings, Appeals, and Litigation Law Manual ("HALLEX") "specifically requires the ALJ to schedule a supplemental hearing where the ALJ stated that she would grant a supplemental hearing if the claimant requested it." (Doc. 20 at 11). In support of her argument, Plaintiff cites to HALLEX I-2-7-30(C). (*Id.*). The HALLEX, as an administrative manual, neither carries the force of law nor is binding on the Commissioner. *See Carrol v. Soc. Sec. Admin., Comm'r*, 453 F. App'x 889, 892 (11th Cir. 2011) ("[A]n agency's violation of its own governing rules must result in prejudice before we will remand to the agency for compliance."); *see also Hall v. Comm'r of Soc. Sec.*, No. 2:05-cv-449-FtM-29SPC, 2007 WL 4981325, at *10 (M.D. Fla. Feb. 9, 2007) ("While HALLEX provides guidelines for the ALJ's hearing process, HALLEX like all administrative manuals lacks the legal authority to bind the ALJ."). Thus, the Commissioner's alleged violation of HALLEX cannot serve as grounds for remand in and of itself.

Here, it is not entirely clear from the record whether Plaintiff in fact requested a supplemental hearing. The ALJ informed Plaintiff of Dr. Zaky's post-hearing report through a communication sent April 19, 2017. (Tr. at 243). The ALJ informed Plaintiff she had ten days to request a supplemental hearing and question Dr. Zaky. (*Id*. at 243-44). In support of her argument that she requested such an opportunity, Plaintiff cites a letter stating "[i]f additional

6

evidence is still needed I would request that the list of people that I Named [sic] in a previous letter be called to testify." (Doc. 20 at 10 (citing Tr. at 266)). Plaintiff, however, sent this letter on August 7, 2017 in response to the vocational expert ("VE"), Jeff Barrett's interrogatory, not in response to Dr. Zaky's post-hearing report. (*See* Tr. at 266). Given that Plaintiff made no such request in response to Dr. Zaky's report, despite being given notice and the opportunity to do so, the ALJ did not err by not providing a supplemental hearing to cross-examine Dr. Zaky.

Nevertheless, Plaintiff insists she "has the due process right to cross-examine a post-hearing physician upon whose report the ALJ substantially relied in reaching her decision." (Doc. 20 at 10). In support, she cites *Demenech v. Sec'y of the Dep't. of Health & Human Servs.*, 913 F.2d 882 (11th Cir. 1990). But Plaintiff's circumstances are distinguishable from the claimant in *Demenech*.

In *Demenech*, the Eleventh Circuit held that the claimant "was deprived of his due process rights by not being allowed to cross-examine the author" of an adverse report. *Id.* at 882. The ALJ in *Demenech* found the claimant's impairment did not preclude him from prior work and his own testimony was not credible. *Id.* at 883. This finding rested in large part upon Dr. Goldberg's consultative physician report. *Id.* Dr. Goldberg concluded the claimant had no limitations in his ability to work and questioned the veracity of the claimant's own report of pain and numbness. *Id.* The ALJ denied claimant's lawyer's request to depose Dr. Goldberg. *Id.*

The Eleventh Circuit in *Demenech* cited previous decisions holding "that it violates a claimant's right to procedural due process for the Secretary to deny a claimant Social Security benefits based upon post-hearing medical reports without giving the claimant an opportunity to subpoena and cross-examine the authors of such reports." *Id.* at 884. The Eleventh Circuit found no reason to depart from that rule in *Demenech* when the primary basis of the ALJ's

7

decision was Dr. Goldberg's report. *Id.* The report was the "most prominent piece of medical evidence that contradicted" the other evidence in favor of finding the claimant disabled. *Id.* Thus, the Eleventh Circuit held "consistent with *Cowart* [*v. Schweiker*, 662 F.2d 731, 737 (11th Cir. 1981)], that where the ALJ substantially relies upon a post-hearing medical report that directly contradicts the medical evidence that supports the claimant's contentions, cross-examination is of extraordinary utility." *Demenech*, 913 F.2d at 885. That is not the case before the Court here.

Here, unlike in *Demenech*, Dr. Zaky's report did not contradict other medical evidence supporting Plaintiff's disability claim, nor did the ALJ substantially rely on Dr. Zaky's report to the exclusion of other medical sources. Dr. Zaky's report found Plaintiff "to have mild limitations on understanding, remembering and carrying out simple instructions, and on making judgments regarding such simple instructions, with moderate limitations as it related to complex instructions/judgments." (Tr. at 34). But the report also found that Plaintiff "had no limitations on [her] ability to interact appropriately with supervisors, co-workers, and the public, or on the ability to respond to changes in a routine work setting." (*Id.*). The ALJ, in support of her finding, cites Plaintiff's own statements during a consultative examination with Dr. Kibria where Plaintiff claims "[s]he can walk and ride a bike, and clean and wash." (*Id.* at 33, 494). The ALJ "also [gave] great weight to the statements from the claimant as to the very limited frequency of seizures." (*Id.* at 33). The State agency medical consultant's opinion in Exhibits 7A and 8A also support a finding that claimant can perform simple, routine work. (*Id.* at 96-97, 104-105). On balance, the record shows substantial evidence for the ALJ's finding even without Dr. Zaky's report. For that reason, Dr. Zaky's post-hearing medical report did not directly contradict all

other medical evidence of Plaintiff's alleged disability and the ALJ's failure to allow cross-examination did not prejudice Plaintiff.

**B.      Cross Examination of the Vocational Expert**

Plaintiff's second argument is that the ALJ violated Plaintiff's due process right to cross-examine the VE and failed to develop a full and fair record. She alleges "the ALJ asked only one hypothetical question, in response to which the VE listed certain jobs that the hypothetical individual could perform." (Doc. 20 at 16 (citing Tr. at 260, 262)). The ALJ proffered this interrogatory response to Plaintiff, and Plaintiff through her husband stated: "[Plaintiff] & I have both read the documents. I don't completely comprehend the language used but I think I get the gist of it." (*Id.*). Despite this confusion, Plaintiff argues the ALJ did not try to explain the response to Plaintiff nor explain the types of questions Plaintiff could ask the VE on cross-examination. (*Id.*).

This issue turns on whether the ALJ erred in the RFC she provided the VE. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). In determining a claimant's RFC, the ALJ must consider all of the relevant evidence of record. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). But the Eleventh Circuit has held that "the ALJ is not required to include findings in the hypothetical that the ALJ has found to be unsupported." *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011).

The ALJ instructed the VE to assume a hypothetical individual with:

> the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can occasionally climb stairs, ladders, ropes and scaffolds. She needs to avoid exposure to heights, moving

9

>   machinery and hazards. The claimant is limited to simple routine
>   tasks.

(Tr. at 31).

Afterwards, Plaintiff's husband sent a letter to the ALJ mentioning additional ailments not found elsewhere in the record:

>   [Plaintiff's] incident that happened April 24, 2017 was classified as a seizure . . . She has been having something similar every 2 months. She gets really stressed. I think that may be a simple thing like the lights being to [sic] bright in my office. Our drive is 92 miles 5-6 times a week. I have Her [sic] wear dark glasses so the motion does not trigger a seizure. I am having some behavior difficulties with [Plaintiff] & hygiene has also become an issue. . . [Plaintiff] and I have read [the VE's interrogatory]. I don't completely comprehend the language used but I think I get the gist of it.

(Tr. at 266).

Here, the record contains substantial evidence for the ALJ excluding these ailments in her hypothetical because the ailments are unsupported. In a medical examination with Dr. Kibria, for instance, Plaintiff denied "vision changes, light sensitivity, blurred vision, or double vision." (Tr. at 494). While Plaintiff told Dr. Geslani she was depressed and under financial stress in 2014, Plaintiff later denied "any recent anxiety, stress, PTSD, or depression" in a 2017 exam. (*Id*. at 388, 494). Dr. Kibria's medical source statement notes Plaintiff can care for her personal hygiene and Dr. Zaky noted Plaintiff's "personal hygiene was adequate." (*Id*. at 504, 513). What's more, Plaintiff described her mood as "depressing . . . [s]haky," but Dr. Zaky noted "there was no overt evidence of depressed mood" or "elevated mood." (*Id.* at 514). In addition, the ALJ specifically noted the discrepancy between Plaintiff's husband's statement that Plaintiff has been having seizures every two months (*id*. at 266) "yet [Plaintiff] told Dr. Kibria she had not had a seizure in over a year as of February 2017" (*id*. at 35). Thus, the ALJ did not violate

Plaintiff's due process right by excluding these ailments in an additional hypothetical because she found the record did not support the ailments.

Finally, assuming *arguendo* the ALJ violated Plaintiff's due process rights by failing to explain the VE's answer or to cross-examine the VE, as stated previously, Plaintiff must show a prejudice before remand. That is not the case here where the ALJ had all the relevant evidence before her and provided Plaintiff with an opportunity to further question witnesses even if Plaintiff did not take such opportunities. In conclusion, the Undersigned finds the ALJ developed a full and fair record and the ALJ's decision is supported by substantial evidence.

### C. Whether the ALJ Properly Considered and Weighed the Opinion of Dr. Kibria

Plaintiff's final argument is that the ALJ "failed to properly consider and weigh the opinion of Dr. Kibria." (Doc. 20 at 21). Dr. Kibria noted Plaintiff suffers from "[m]ild edema in left dorsal foot without focal pain" and "[m]ild positional tremor but no resting tremor, rigidity, bradykinesia or shuffling gait." (Tr. at 495). Dr. Kibria also found Plaintiff limited in her reaching. (*Id*.). Based largely on these symptoms, Dr. Kibria limited Plaintiff to lifting no more than 50 pounds occasionally, sitting no more than four hours in an eight-hour workday, standing no more than two hours in an eight-hour workday, and walking no more than two hours in an eight-hour workday. (*Id*. at 499-500). Plaintiff argues these limitations "do not support the ALJ's finding that the Plaintiff could perform work at all exertional levels since light work requires standing and/or walk [sic] for approximately 6 hours in an 8-hour workday and sedentary work requires sitting for approximately 6 hours in an 8-hour workday." (Doc. 20 at 22). Plaintiff alleges the ALJ incorrectly stated "nothing in the record suggests the claimant has trouble with" carrying, sitting, standing, and walking. (*Id*.). Instead, Plaintiff argues that "[t]he

11

limitations Dr. Kibria identified in his medical source statement would preclude all of the jobs the ALJ found the Plaintiff could perform at step five." (Doc. 20 at 23).

The Commissioner, "not a claimant's physician, is responsible for determining whether a claimant is statutorily disabled." *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 876 (11th Cir. 2013) (citing C.F.R. §§ 404.1527(d)(1), 416.927(d)(1) and noting that, a claimant's RFC is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive).[2]  "The administrative law judge must state with particularity the weight given to different medical opinions and [her] supporting reasons." *Huntley v. Soc. Sec. Admin., Comm'r.*, 683 F. App'x 830, 832 (11th Cir. 2017).  A one-time examining (*i.e.*, consulting) physician's opinion is "not entitled to great weight." *Crawford*, 363 F.3d at 1160; *see also Denomme*, 518 F. App'x at 877 ("The ALJ does not have to defer to the opinion of a physician who conducted a single examination, and who was not a treating physician").  In any event, "the administrative law judge is free to reject the opinion of *any* physician when the evidence supports a contrary conclusion." *Huntley*, 683 F. App'x at 832 (emphasis in original).

Here, the ALJ did not err by assigning Dr. Kibria's opinion little weight.  The ALJ stated she "gives very little weight to the medical source statement from Dr. Kibria" because "[n]othing in the record suggests the claimant has trouble" with lifting, carrying, sitting, standing, and walking.  (Tr. at 33).  In support, the ALJ explains Plaintiff "was found to have normal gait, sensation, motor strength (no weakness) and reflexes."  (*Id.*).  The ALJ noted Dr. Kibria's own

---

[2] On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence."  82 Fed. Reg. 5844. See also 82 Fed. Reg. 15132 (March 27, 2017) (amending and correcting the final rules published at 82 Fed. Reg. 5844).  These final rules took effect March 27, 2017.  For claims filed before March 27, 2017, like Plaintiff's, C.F.R. §§ 404.1527(d)(1) and 416.927(d)(1) apply.

12

examination found Plaintiff to have a full range of motion with grip strength of 5/5.  (Tr. at 495).

Furthermore, Dr. Kibria's exam revealed Plaintiff has "normal station and gait" and "is able to

perform rapid alternating movement bilaterally without difficulty."  (*Id.*).  Dr. Geslani's

examination of Plaintiff also supports the ALJ assigning Dr. Kibria's limitations little weight.

His exam found Plaintiff with 5/5 muscle strength, no abnormal involuntary movements, able to

perform rapid alternating movements, walking well spontaneously and with a normal tandem

gait.  (*Id*. at 388).

As mentioned previously, the Court cannot "decide the facts anew, reweigh the evidence,

or substitute [the Court's] judgment for that of the [Commissioner's]."  *Schink v. Comm'r of Soc.

Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019).  Nor should the Court merely rubber-stamp the

ALJ's decision without scrutinizing "the record as a whole to determine if the decision reached is

reasonable and supported by substantial evidence."  *Id.*  Upon review of the record as a whole,

the Undersigned finds substantial evidence supports the ALJ's decision to afford Dr. Kibria's

limitations minimal weight.

## CONCLUSION

Upon consideration of the submissions of the parties and the administrative record, the

Undersigned finds that substantial evidence supports the ALJ's decision.

Accordingly, the Undersigned respectfully **RECOMMENDS:**

The decision of the Commissioner be **AFFIRMED** pursuant to sentence four of 42

U.S.C. §405(g).

13

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on January 14, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.


Copies furnished to:

Counsel of Record
Unrepresented Parties

14